IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBALL HARDEMAN, Individually and as class agent, | * * * | |
| Plaintiff, | * * | |
| vs. | * | No. 4:09CV00312 SWW |
| UNITED STATES OF AMERICA, ET AL., | * * * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

Kimball Hardeman ("Hardeman") brings this case against the United States of America, Attorney General Eric Holder, Jr., the United States Department of Justice, and Michelle M. Leonhart, acting administrator for the Drug Enforcement Administration (collectively "Defendants"), for alleged race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Now before the Court is Defendants' motion to dismiss. Hardeman filed a response, Defendants filed a reply, Hardeman filed a response to the reply, and Defendants filed a response to Hardeman's reply. After careful consideration, and for the reasons stated below, the Court finds the motion to dismiss should be granted in part and denied in part.

**Background**

According to the allegations of his complaint, Hardeman started working for the Drug Enforcement Administration ("DEA") as a Special Agent in July 2000 at the GS-9 grade level. He remained at that grade level for one year and then was promoted to the GS-11 grade level. After a year at the GS-11 level, he was promoted to Grade GS-12. On February 12, 2007, Hardeman

applied for a promotion from GS-12 to GS-13.  He was not promoted. On February 28, 2008, he contacted the Equal Employment Opportunity office ("EEO"), and on April 3, 2008, filed a complaint alleging he had been discriminated against on the basis of race.  The DEA notified Hardeman by letter dated July 14, 2008, that his complaint had been accepted for investigation.  On December 13, 2008, Hardeman requested a final agency determination on his administrative complaint.  After 180 days had passed since Hardeman filed his administrative complaint without a final decision, he filed the complaint before the Court on April 29, 2009.

Hardeman alleges the DEA discriminated against him based on race in failing to promote him from grade level GS-12 to GS-13.  He also alleges he is forced to work in a hostile environment because he is subjected to racial slurs from his immediate supervisor, Don Sanders.  He further alleges that the DEA discriminated against him on the basis of race by denying him sick leave after surgery, disclosing the fact that he was placed on a Performance Improvement Program ("PIP"), referring him to the Office of Professional Responsibility ("OPR") without grounds, requiring him to get permission to work overtime, and requiring him to remain at his desk for work.[1]  Defendants seek dismissal of the complaint asserting that Hardeman failed to exhaust his administrative remedies with respect to most of his claims and fails to state a claim for relief under Title VII as to the other claims.

**Standard of Review**

---

[1] Plaintiff also alleges a claim on behalf of a class that a 2004 promotion policy has a disparate impact on minority employees.  Defendants argue Hardeman's complaint fails to state a class action claim because the complaint does not meet the requirements of Fed.R.Civ.P. 23 and Local Rule 23.1.  Plaintiff concedes his class allegations are insufficient to survive Defendants' motion, *see* Pl's. Resp. To Mot. Dismiss, ¶ 1, and the Court therefore dismisses the class action claims.

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all facts alleged in the complaint are assumed to be true.[2] *Doe v. Northwest Bank Minn., N.A.,* 107 F.3d 1297, 1303-04 (8th Cir.1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little,* 109 F.3d 432, 434 (8th Cir.1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).[3]

A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint. The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims, irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the plaintiff cannot prove what the complaint asserts. A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Twombly,* 550 U.S. at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims "across the line from the conceivable to plausible." *Id.* at 570.

---

[2]When ruling on a Rule 12(b)(6) motion, the court must generally ignore matters outside the pleadings. *See Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999). If a court considers evidence outside the pleadings, it must normally convert the motion into a summary judgment motion. *See Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 698 (8th Cir. 2003). However, the court may consider materials that are necessarily embraced by the complaint and materials that are part of the public record. *Id.* The exhibits attached to defendants' motion to dismiss do not contradict the complaint, and plaintiff raises no objection to their submission. Plaintiff also attached exhibits to his pleadings in response to the motion to dismiss.

[3]*Twombly* applies to all civil actions, not just antitrust cases. *Ashcroft v. Iqbal,* __ U.S. __, 129 S.Ct. 1937 (2009).

**Discussion**

Defendants argue Hardeman's promotion-related claims are time-barred; that he has not exhausted his administrative remedies for his claims regarding hostile work environment, sick leave, and OPR referral; and that his allegations regarding sick leave, disclosure of placement on a PIP, assignment to desk work, requirement of permission to work overtime, and referral to OPR fail to state a claim for relief because they are not adverse employment actions under Title VII.

**1.     Failure to Promote**

In a memorandum addressed to Hardeman dated March 30, 2007, William J. Renton, Jr., Special Agent In Charge ("SAC"), New Orleans Field Division, stated he had reviewed all the material Hardeman submitted in his request for promotion from GS-12 to GS-13. SAC Renton said:

> [T]he investigations you submitted are not indicative of work at the Grade 13 level. Both of these investigations submitted by you are parallel investigations into the same organization operating in southern Arkansas. Essentially, both of these investigations should be considered as one investigation since both are targeting Carl EASTER. According to DEA policy regarding consideration for promotion to GS-13, one case is generally inadequate for grade determination purposes. Neither of these investigations submitted meets the mandatory minimum requirements of four out of eight elements in Factor 1 - Complexity of Assignments and one out of four elements in Factor 2- Level of Responsibility. **In addition, Significant Investigations, as defined under the criterion for Grade -13 promotions are investigations that have shown exceptional GS-13 case development from inception to indictment.**
>
> . . . None of the defendants in these investigations have been charged with Conspiracy charges (21 USC 846). . . For a promotion to a GS-13 Special Agent, you must be able to work complex conspiracy cases to disrupt and dismantle drug trafficking organizations.

SAC Renton went on to say:

> ASAC Bryant and GS Salter both applaud your liaison skills with other law enforcement agencies and your positive attitude. However, you must continue to work to improve those areas which are outlined in this memorandum and the memorandums submitted by GS Salter and ASAC Bryant to achieve a promotion to a GS-13 Special Agent.
>
> . . .
>
> Please continue to work hard and make improvement in those areas that will qualify you for a promotion to a GS-13 Special Agent.

Defs'. Mem. in Supp. Mot. to Dismiss, Ex. 4.

Hardeman did not contact an EEO counselor until February 28, 2008, almost a year after the date of Renton's memo. Because he did not initiate contact with the DEA's EEO office within the 45 day time limit mandated by federal regulations,[4] Defendants argue Hardeman's promotion-related claims are time-barred. In response, Hardeman asserts Renton's memo did not explicitly deny his application for promotion but simply failed to act on it, thereby making the denial of promotion a continuing violation. He also argues he is entitled to equitable estoppel because Renton's memo plus words and actions of Defendants led him to believe his promotion would be approved.

The continuing violation doctrine does not apply to a discrete action such as denial of promotion. *Burkett v. Glickman,* 327 F.3d 658, 660 (8th Cir. 2003). The Court finds Renton's March 30, 2007, memorandum was an unequivocal denial of promotion. Therefore, Hardeman's argument that his claim is not time-barred based on the continuing violation doctrine is without merit.

---

[4]Pursuant to 29 C.F.R.§1614.105(a)(1), before filing a complaint with the employing agency, an aggrieved federal employee must first consult with an EEO counselor "within 45 days of the effective date of the action."

Hardeman asserts Defendants are estopped from asserting his administrative complaint was untimely because their words and actions misled him. Hardeman says he did not realize until February 2008, on the anniversary of his annual job evaluation, that he was not going to be promoted. He further states that the wording of Renton's memo, "accompanied by comments from DEA management led [him] to believe that he would be promoted as soon as several defendants in his RPOT cases were indicted, and he had adequately addressed the shortcomings mentioned in SAC Renton's memo." Pls. Resp. to Mot. Dismiss, p. 1. He argues, therefore, that he is entitled to equitable tolling.

"It is well established that 'Title VII claims may be 'subject to waiver as well as tolling when equity so requires.'' 'Equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff.'" *Briley v. Carlin,* 172 F.3d 567, 570 (8th Cir. 1999)(citations omitted). "In . . . Title VII cases: 'The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in a timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir. 1995)(citation omitted). In *Lawrence v. Cooper Cmtys., Inc.,* 132 F.3d 447, 451 (8th Cir. 1998), the Eighth Circuit recognized that "an affirmative misrepresentation is not a requisite to applying equitable tolling because 'ambiguous and misleading language' could also 'lead a reasonable person to believe' that the steps that were taken would activate the Title VII process." The Eighth Circuit held there was sufficient evidence to equitably toll the statute of limitations where, "[b]ased on the EEOC's instructions and its interpretation of the charge filing procedures, Lawrence reasonably believed that she had

taken all of the required steps to activate the Title VII statutory machinery." *Id.* at 452. In *Turner v. Bowen,* 862 F.2d 708 (8th Cir. 1988), a claimant sought equitable estoppel on the basis of illiteracy and lack of legal representation. The Eighth Circuit refused to toll the statute of limitations, noting that generally, equitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way.

To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The Court finds Hardeman's self-serving allegation, made not in his complaint but in response to the motion to dismiss, that Defendants took unspecified actions and made unspecified comments which led him to believe his promotion was imminent, fails to assert sufficient facts to state a plausible claim of entitlement to equitable estoppel. There is no allegation Defendants did or said anything to mislead him as to his right to challenge the denial of promotion. Therefore, the Court finds Hardeman's claims arising out of the DEA's decision not to promote him should be dismissed.

**2.      Hostile Environment**

Hardeman alleges he "is required to work in a hostile work environment where he has been subjected to racial slurs, including slurs by [his] supervisor, Don Sanders." Compl. at ¶ 12. Defendants move to dismiss this claim arguing Hardeman failed to exhaust his administrative remedies. In his EEO complaint, DEA-2008-00306, dated April 3, 2008, Hardeman said he had

7

been "isolated from fellow co-workers with the same job title;" " held to a higher standard than employees of the same job classification;" "improperly evaluated," "scrutinized by management" because of his race;" and "retaliated against" because of his race. Defs.' Mem. in Supp. Mot. to Dismiss, Ex. 5. There is no mention of a racially hostile work environment through racial slurs.

In his response to Defendants' motion to dismiss, Hardeman argues that although he did not use the words "hostile environment," his *pro se* complaint should be liberally interpreted and that a reasonable investigation of his complaint would have revealed a hostile environment.

Hardeman also submits a copy of a complaint for discrimination his attorney apparently mailed to the DEA on March 12, 2008,[5] and a copy of a letter from the DEA dated July 14, 2008,[6] referring only to the *pro se* complaint filed on April 4, 2008. The March 2008 complaint from Hardeman's attorney alleges hostile work environment and racial slurs, and the DEA's July 2008 letter states:

> Based on a review of your DOJ-201A, "Complaint of Discrimination" form and the EEO Counselor's Report, the following claim is accepted for investigation:
>
> **You claim that you have been discriminated against based on race (black) and reprisal when your supervisors treated you differently from co-workers creating a hostile work environment, your 2007 annual performance evaluation was delayed, and you are continuously being denied promotion to the GS-13 level for a Special Agent.**

"The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative

---

[5] Pl's. Resp. to Defs.' Reply, docket entry 19, Ex. 1.

[6] *Id.*, Ex. 2

charge." *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005).  In *Chacko v. Patuxent Inst.,* 427 F.3d 50 5 (4th Cir. 2005), the court held that the plaintiff failed to exhaust administrative remedies where the lawsuit was based on hostile work environment and the charge alleged discriminatory failure to promote, demotion, and retaliation.  In *Dandy v. United Parcel Serv., Inc.,* 388 F.3d 263 (7th Cir. 2004), the plaintiff did not include claims of unequal pay or hostile work environment in the charges she filed with the EEOC.  The Seventh Circuit held those claims were not like or reasonably related to her claims that she was denied promotions because of race and gender and retaliated against for filing EEOC charges.

The Court finds that the charge filed by Hardeman in April 2008 (DEA-2008-00306) and referred to in the DEA letter does not include a claim of hostile work environment based on racial slurs.  However, the March 2008 complaint prepared by Hardeman's attorney includes such a claim as well as an allegation about Hardeman's 2007 performance evaluation.  The DEA accepted for investigation a claim of disparate treatment on the basis of race which created a hostile work environment and a claim that Hardeman's 2007 performance evaluation was delayed, allegations made in Hardeman's attorney-prepared complaint.  The Court agrees with Defendants that Hardeman does not establish <u>in his complaint</u> that his hostile work environment claim was administratively exhausted, but he has done so in the materials filed in connection with the motion to dismiss.  Therefore, the Court denies the motion to dismiss the hostile work environment claim for failure to exhaust.

**3.	Sick Leave, OPR Referral**

Hardeman alleges Defendants discriminated against him of the basis of race when they denied him sick leave after surgery and referred him to the Office of Professional Responsibility ("OPR") without grounds. Hardeman did not include these specific allegations in his *pro se* complaint filed in April 2008, and the DEA does not mention them specifically in its letter setting forth the claims it intended to investigate. Defendants argue Hardeman failed to exhaust his administrative remedies as to these claims. Hardeman argues these claims are merely examples of disparate treatment and not intended to be specific claims of discrimination.

To the extent Hardeman asserts denial of sick leave and OPR referral as separate claims of discrimination, the Court finds the claims were included in the attorney-prepared complaint and could fall within the scope of the investigation. However, even if Hardeman exhausted his administrative remedies, he fails to state a claim for relief. In order to establish a *prima facie* case of employment discrimination, a plaintiff show: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he suffered an adverse employment action; and that similarly situated employees outside the protected class were treated differently. *Fields v. Shelter Mut. Ins. Co.,* 520 F.3d 859, 863-64 (8th Cir. 2008). An adverse employment action means "a material employment disadvantage, such as a change in salary, benefits, or responsibilities." *Tademe v. Saint Cloud State Univ.,* 328 F.3d 982, 992 (8th Cir.2003) (citing *Bradley v. Widnall,* 232 F.3d 626, 632 (8th Cir.2000)). "Mere inconvenience without any decrease in title, salary, or benefits is insufficient to show an adverse employment action." *Cruzan v. Special Sch. Dist. # 1,* 294 F.3d 981, 984 (8th Cir.2002).

The Court finds that denial of sick leave and referral to the OPR are not adverse employment actions. *See Singletary v. Missouri Dep't of Corrections,* 423 F.3d 886 (8th Cir. 2005)(placement on administrative leave pending a disciplinary investigation and being under other investigations during his term of employment not adverse employment actions where the officer maintained the same pay, grade, and benefits). Hardeman makes no allegation that these actions resulted in a material change of his employment status, salary, or benefits. Thus, the motion to dismiss the claims of disparate treatment in denial of sick leave and OPR referral is granted.

**4.     Disclosure of Placement on a PIP, Assignment to Desk Duty, Permission for Overtime**

Hardeman alleges Defendants discriminated against him on the basis of race by disclosing the fact that he was placed on a Performance Improvement Program ("PIP"), requiring him to remain at his desk for work, and requiring him to get permission to work overtime. Defendants argue these allegations fail to state a claim for relief because they are not adverse employment actions.

Placement on a PIP is not an adverse employment action, *see Givens v. Cingular Wireless,* 396 F.3d 998 (8th Cir. 2005)(placement on a performance improvement plan without more does not constitute adverse employment action), and the Court finds Defendants' alleged disclosure of Hardeman's placement on a PIP is not an adverse employment action under Title VII. The Court further finds Hardeman's assignment to desk duty and the requirement that he get permission to work overtime do not constitute adverse employment actions. Whether an

11

action is adverse must be evaluated from an objective, not a subjective, viewpoint. *See Higgins v. Gonzales,* 481 F.3d 578, 584 (8th Cir. 2007)(minor changes in duties or working conditions, even unpalatable or unwelcome ones which cause no materially significant disadvantage do not rise to level of adverse employment action). Hardeman makes no allegation he was prevented from working overtime or that having to ask permission to do so affected his title, pay, or benefits in any way.

## Conclusion

For the reasons stated, the Court finds the motion to dismiss [docket entry 11] should be and is hereby granted as to all claims except the hostile environment claim.

SO ORDERED this 11th day of January, 2010.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE